UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J2 CLOUD SERVICES, INC., and ADVANCED MESSAGING TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>FAX 87, FARJAD FANI, MATT JOHNSON FINANCE, INC., ELNAZ FANI, ONE VOIX, MIRALUNA CABERTE YARDAN, STEVEN THONG WAY SEN, ROBERT BEAULIEU, CHARLES MONTGOMERY, ONLINEFAXES, SOLIDFAX, FAXVISION, EFAX4LESS, MYPHONEFAX, RESELLFAX, AND DOES 1-10,<br><br>Defendants. | Case No. 1:17-mc-09721-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

On March 17, 2017, Defendant MyPhoneFax (MPF) filed a motion for protective order pursuant to Fed. Rule Civ. P. 26 regarding the scheduling by Plaintiffs j2 Cloud Services, Inc., and Advanced Messaging Technologies, Inc., of a Rule 45 deposition of

**MEMORANDUM DECISION AND ORDER - 1**

non-party witness Derek Layton. Plaintiffs served a notice of deposition on March 20, 2017, and the deposition is set for March 24, 2017, in Boise, Idaho.

This matter was filed as a miscellaneous action here in the District of Idaho, and is related to ongoing litigation in the United States District Court for the Central District of California, 2:13-cv-05353-DDP-AJW, pending before Judge Pregerson.[1] MPF's protective order seeks to vacate the deposition, and requests that it be postponed until Judge Pregerson rules on a pending motion to vacate default judgment, which was entered against MPF in the California action. That motion is scheduled for oral argument on Monday, March 27, 2017.

On March 22, 2017, Layton filed a motion to quash the third party subpoena and requested a stay. Like MPF, Layton requested the deposition be stayed until a ruling is issued on MPF's motion to vacate default judgment.

Because the deposition is set for March 24, 2017, the Court conducted a telephonic hearing with the parties on March 22, 2017, at 4:00 p.m. After carefully considering the parties' respective arguments, the relevant authorities, and reviewing the docket and related filings in the underlying California litigation, the Court will deny both motions. The deposition may proceed as scheduled, for the reasons explained below.

---

[1] The Court has reviewed the docket and filings related to this matter via Pacer. All docket numbers refer to filings in the underlying California action.

**MEMORANDUM DECISION AND ORDER  - 2**

## BACKGROUND

Plaintiff j2 provides Internet fax services to customers in the United States and around the world.[2] On March 29, 2011, j2 sued defendants Farjad Fani, Fax87, and Matt Johnson Finance, Inc. ("MJF"), for infringing two patents related to Plaintiff's internet fax services. (Dkt. No. 1). Mr. Fani was the President, Vice President, Secretary and sole officer and director of MJF, which was doing business as Fax87 and selling internet fax services. (Dkt. No. 156-2, F. Fani Response to RFA Nos. 32-33, 35).

The parties later settled the 2011 lawsuit. (Dkt. Nos. 43-15, 43-16). Defendants promised to make quarterly payments and provide royalty reports; accordingly, j2 dismissed the 2011 litigation and granted the defendants a license. (Dkt. No. 43-16, License Agreement).

The present lawsuit arose when Defendants stopped making payments and providing royalty reports after the fourth quarter of 2012, and committed several other alleged breaches of the license agreement. In 2013, Mr. Fani informed j2 that he/Defendant MJF "sold Fax87.com on December 31, 2012, and have nothing to do with Fax87.com since then." (Dkt. No. 168-2). He did not identify the purported buyer.

j2 filed this second lawsuit on July 24, 2013, in the United States District Court for the Central District of California, (the California action), initially naming as defendants Fax87.com, Mr. Fani, MJF and Does 1 & 2. (Dkt. No. 1). With the court's permission, j2

---

[2] Due to this Court's lack of familiarity with this matter, the background was gleaned from Plaintiffs' representations in its memorandum in opposition to the motion to vacate, filed on January 24, 2017, at Docket 236.

**MEMORANDUM DECISION AND ORDER - 3**

filed the First Amended and Supplemental Complaint ("FAC") on April 15, 2016, adding various claims and related parties, including Defendant MyPhoneFax (MPF), that were identified through j2's extensive investigation efforts. (Dkt. No. 43). j2 served all defendants with the FAC. (Dkt. Nos. 46, 48-50, 80). MPF was served at what Plaintiffs believed to be its principal place of business in the Philippines. (Dkt. No. 80).

The court granted Plaintiffs j2 Cloud Services, Inc.'s and Advanced Messaging Technologies, Inc.'s motion for default judgment against MPF on December 15, 2016, and issued a judgment that same day. (Dkt. 196, 197.) On December 19, 2016, MPF (noted by MPF to have been sued incorrectly as MYPHONEFAX.COM) entered a special appearance for the limited purpose of challenging jurisdiction and the entry of default judgment against MPF. (Dkt. 198.) MPF claimed to be the entity that purchased Fax87's assets.

On December 21, 2016, MPF filed an ex parte application to stay the case pending enforcement of a default judgment. (Dkt. 206.) On December 28, 2016, MPF filed a motion to vacate the default judgment. (Dkt. 212.) The motion to vacate is predicated upon lack of service of legal process on MPF. In support of both motions, MPF included a declaration from Mr. Joffe. (Dkt. Nos. 206-2, 212-1). Upon consideration of the motions, on December 29, 2016, the court granted MPF's motion for stay of execution on the default judgment. (Dkt. 215.) MPF's motion to vacate the default judgment is scheduled to be heard before District Judge Pregerson on Monday, March 27, 2017.

**MEMORANDUM DECISION AND ORDER - 4**

In filings with the court, Mr. Joffe claims to be "the individual with signing authority for [MyPhoneFax] in [his] capacity as president of International Company Management Services Ltd., the manager of [MyPhoneFax]." (Dkt. No 206-2 ¶ 2). Mr. Joffe testified also that "MPF's principal place of business is located in Colombia." (Dkt. No. 212-1 ¶ 2). He contends MPF does not have any facilities in the Philippines. (*Id.* ¶ 8). Among other things, his declarations and court filings provide information as to MPF's customer base, the alleged irreparable harm that the company would suffer from an injunction, as well as an explanation about how to port fax numbers. (*See generally* Dkt. Nos. 206-2, 212-1). Plaintiffs contended the declarations were false, and issued a notice of deposition on January 11, 2017, scheduling Joffe's deposition for January 24, 2017. (Dkt. 234.)

On January 23, 2017, MPF filed an ex parte application for a protective order, seeking to prevent Plaintiffs from deposing Mr. Joffe. MPF argued it was improper to depose a defendant which had not appeared, and sought to postpone any deposition until the final adjudication of MPF's motion to vacate the default judgment. Plaintiffs filed an opposition that same date, arguing there was no basis to preclude Plaintiffs from taking depositions, particularly since other parties disclosed Joffe as a person with knowledge relevant to the California action. (Dkt. 236.)

On January 25, 2017, Magistrate Judge Andrew Wistrich entered a brief order denying MPF's ex parte application for a protective order as to Plaintiffs' notice of deposition of Mr. Joffe. (Dkt. 239.) The court found the application was procedurally defective because no showing of irreparable injury was made, and MPF waited until the

**MEMORANDUM DECISION AND ORDER - 5**

eve of the deposition to file the application. The court found also that the application lacked substantive merit, as nothing in Fed. Rule Civ. P. 26 or 30 prohibited Plaintiffs from taking Joffe's deposition. According to Plaintiffs' representation to this Court, the deposition went ahead as planned, and MPF's counsel participated fully in the deposition.[3]

In connection with the California action, Plaintiffs sought to depose Derek Layton, a resident of Caldwell, Idaho. MPF represents Layton has worked as an independent contractor for MPF since approximately 2012, and whom continues to provide various services to MPF including, but not limited to, web development, website design, and financial services. On November 17, 2016, Plaintiffs served a Rule 45 subpoena upon Layton seeking production of documents and an oral deposition. (Carlson Decl. ¶ 2.) On January 26, 2017, MPF's attorney authored a letter to Plaintiffs' attorney, objecting to the subpoena served upon Layton. Nonetheless, document production ensued, and apparently MPF reviewed documents Layton identified as responsive to the subpoena prior to turning them over to Plaintiffs. Layton's counsel indicated to the Court at the hearing that document production is almost complete, and that Layton intends to provide a privilege log identifying documents withheld from production.[4]

---

[3] At the hearing, counsel for MPF represented the deposition was limited to issues related to the hearing regarding the motion to vacate the default judgment. The court's order, however, does not place any limitation on the scope of the deposition.

[4] Counsel for Layton confirmed also that the motion to quash is not based on any concern about the protective orders already in place in the California action, alleviating the Court's question whether Rule 45(d)(3)(A)(iii) was implicated.

**MEMORANDUM DECISION AND ORDER - 6**

On March 7, 2017, Plaintiffs' counsel emailed Layton's attorney in an effort to schedule Layton's oral deposition during the week of either March 13 or March 20, 2017. On March 9, 2017, MPF's counsel emailed both Plaintiffs' counsel and Layton's counsel, asserting MPF was prevented from participating and fully defending its interests because of the posture of the California action, and indicated MPF objected to Plaintiffs proceeding with Layton's deposition. MPF asserted that Plaintiffs should wait to depose Layton until the motion to vacate was adjudicated, and MPF's role in the California action is ascertained. Nonetheless, on March 13, 2017, counsel for Layton unequivocally indicated March 24, 2017, worked for the deposition of Layton, and asked what time Plaintiffs' counsel would like to start. Plaintiffs' counsel accepted, and the deposition is scheduled to begin at 9:30 a.m. tomorrow.

On March 17, 2017, Layton's counsel raised, on behalf of his client, the concern that Layton might be subjected to multiple depositions and the concomitant expense associated with multiple appearances. On March 20, 2017, Plaintiffs served Layton with a subpoena to appear at the deposition on March 24, 2017, at 9:30 a.m., in Boise, Idaho.

On March 21, 2017, Layton's counsel informed Plaintiffs via letter that Layton objected to the subpoena on the grounds that it imposed an undue burden under Rule 45(d)(3) and Rule 26(c), and asserted that the deposition should be rescheduled to allow MPF, and other defendants, to fully participate in the deposition. Otherwise, Layton claimed he would be subjected to multiple depositions covering the same topics, resulting in a waste of time and resources. Layton's counsel represented also that he understood Layton had no information about the pending motion to vacate the default judgment set

**MEMORANDUM DECISION AND ORDER - 7**

for hearing on March 27, 2017. Plaintiffs' counsel had, however, already booked his travel to Boise to take Layton's deposition.

On March 17, 2017, MPF filed a motion for protective order pursuant to Rule 26(c) as a miscellaneous action in this Court. (Dkt. 1.) On March 22, 2017, Layton filed a motion to quash the third party subpoena pursuant to Rule 45. Because the Court understood that the parties had scheduled Layton's deposition for March 24, 2017, the Court conducted an expedited telephonic hearing at 4:00 p.m. on March 22, 2017, at which counsel for MPF, Layton, and Plaintiffs appeared. Since Plaintiffs had not had the opportunity to file a written response to the two motions, the Court gave considerable latitude to Plaintiffs' counsel to explain their position.

Plaintiffs' counsel represented to the Court that Layton is believed to have information regarding the motion to vacate the default judgment, as well as information pertinent to the issues in the lawsuit, and that he intended to ask for an expedited transcript to present information to the court on March 27, 2017, in the California action. MPF and Layton deny this representation. Given such, the Court asked MPF's counsel if anything was precluding MPF from attending the deposition on March 24, 2017, to which MPF's counsel responded that its special, limited appearance precluded its participation because MPF was not a party. To that argument, Plaintiffs' counsel represented Plaintiffs would stipulate that MPF's attendance would not waive its right to maintain its special limited appearance in the California action, and that it could participate in the deposition fully as if it were a party.

**MEMORANDUM DECISION AND ORDER - 8**

## DISCUSSION

MPF argues that, since it was not properly served with process, it is under no obligation to appear at, and cannot meaningfully participate in, a deposition noticed in a case in which it is not a party. (Dkt. 1-1.) MPF contends the deposition should be deferred until the motion to vacate the default judgment is decided, and it can participate in the case and defend its interests if the motion is granted. MPF argues also that it is saddled with the choice of incurring the costs of attending an unnecessary deposition when there is doubt as to MPF's position in the case. And finally, MPF asserts that, if the default judgment is vacated, a second deposition of Layton would be required, which MPF contends would be wasteful for it, and Layton's attorney asserts is unduly burdensome for his client.

Initially, the Court could discern no urgency to Plaintiffs' request to depose Layton. However, upon reviewing the California court docket, the Court understands the facts are much different than represented by the parties in the briefs before the Court. Magistrate Judge Andrew Wistrich considered identical arguments raised by MPF before the Court here, and allowed the deposition of Jaffe to proceed with no limitations. Furthermore, Plaintiffs' counsel confirmed during the hearing that he would stipulate that MPF could participate fully during the deposition without jeopardizing its limited and special appearance in the California action.

In addition, with regard to Layton's motion and reliance on Rule 45(d)(1)'s undue burden or expense provision, the Court finds it is speculative at this juncture whether Layton would be subject to multiple depositions. The only party objecting to the

**MEMORANDUM DECISION AND ORDER - 9**

deposition at this time is MPF, and MPF is the party contending that "multiple defendants" may want to depose Layton in the future, without any support. MPF's objection rings hollow, given these facts, as well as the willingness of Plaintiffs' counsel to stipulate to MPF's participation as a full party without waiving MPF's limited appearance during the deposition. If the issue of multiple depositions does arise, the Court in Idaho, or the Court in California, whichever is appropriate, can address the issue at that time.

Although it appears the parties dispute the nature of the relationship between Layton and MPF, it is clear that Layton has a business relationship with MPF and has knowledge pertinent to this litigation. And, despite Layton's and MPF's protests to the contrary, Plaintiffs' counsel represented to this Court that Layton may have information pertinent to Monday's hearing before the California court.

Finally, even after MPF notified Layton's counsel of its objection to the deposition, Layton's counsel unequivocally agreed to the date of March 24, 2017, for Layton's deposition. Layton gave unconditional assent to the date proposed. It therefore appears to the Court that, upon further reflection and perhaps consultation with MPF's counsel, Layton changed his tune. The timing of Layton's change of heart does not pass the smell test.

**MEMORANDUM DECISION AND ORDER - 10**

## CONCLUSION

Based upon the above, the Court sees no reason to postpone Layton's deposition. Apparently, the California court felt the same when MPF presented similar arguments in support of its request to postpone the deposition of Mr. Jaffe. The Court finds no reason to depart from Judge Wistrich's conclusion regarding the same. Accordingly, both motions will be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1)  Plaintiffs' Motion for Protective Order (Dkt. 1) is **DENIED**.

2)  Layton's Motion to Quash Third Party Subpoena and for Stay (Dkt. 4) is **DENIED**.

3)  The Clerk is directed to terminate this matter.



DATED: March 23, 2017

_____
Honorable Candy W. Dale
United States Magistrate Judge